UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

KALLYS ALBERT, SR.,

    Plaintiff,

v.

U.S. DEPARTMENT OF EDUCATION,
GREAT LAKES HIGHER ED GUARANTY
CORP., and COLLECTION
TECHNOLOGIES, INC.,

    Defendants.

---

Civil 11-540 (DSD/JJK)

**REPORT AND RECOMMENDATION**

Plaintiff commenced this action by filing a complaint and an application for leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.)  The Court previously examined Plaintiff's IFP application, and determined that he had failed to show that he is truly indigent and unable to pay the filing fee prescribed by 28 U.S.C. § 1914(a). Therefore, Plaintiff's IFP application was denied. (See Order dated March 8, 2011; [Docket No. 3].[1])

The order denying Plaintiff's IFP application informed him that he could still maintain this action, as a NON-IFP litigant, if he paid the statutory filing fee within twenty (20) days.  Plaintiff was advised that if he did not pay the full filing fee within the time allowed, the Court would recommend that this action be dismissed, without prejudice,

---

[1] Plaintiff filed a motion seeking "reconsideration" of the order that denied his IFP application. (Docket No. 4.) However, the District Court Judge treated Plaintiff's motion as an objection to the order, and overruled that objection. (Order dated March 15, 2011; [Docket No. 6].)

pursuant to Fed. R. Civ. P. 41(b).

The deadline for paying the filing fee, as set by the Court's prior order, has now expired. However, Plaintiff has not paid the required fee, nor has he offered any excuse for his failure to do so. Therefore, it is now recommended, in accordance with the Court's prior order, that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.

Dated:   April 19, 2011

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 4, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party

may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.