UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-540(DSD/JJK)

Kallys Albert, Sr.,

       Plaintiff,

v.                                                              **ORDER**

U.S. Department of Education,
Great Lakes Higher Ed Guaranty
Corp., and Collection
Technologies, Inc.,

       Defendants.

    This matter is before the court upon the objection of plaintiff Kallys Albert, Sr. to the April 19, 2011, report and recommendation of Magistrate Judge Jeffrey J. Keyes dismissing plaintiff's claims without prejudice. The court reviews the magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b).

    Albert commenced this action by filing a complaint and an application for leave to proceed in forma pauperis (IFP) on March 2, 2011. The complaint asserts several causes of action arising out of a tax lien. On March 8, 2011, the magistrate judge denied Albert's IFP application. See ECF No. 3. The March 8 order stated:

> If Plaintiff pays the $350 filing fee within twenty (20) days after the date of this order, the action will be allowed to proceed. If he fails to pay the full amount of the filing fee within the time allowed, it will be

>      recommended that the action be dismissed
>      without prejudice pursuant to Fed. R. Civ. P.
>      41(b).

ECF No. 3, at 2. On March 15, 2011, the district court overruled Albert's objection to the magistrate judge's IFP determination. <u>See</u> ECF No. 6. On April 19, 2011, the magistrate judge recommended that Albert's complaint be dismissed without prejudice because the deadline for paying the filing fee, as set by the March 8 order, had expired and Albert had not paid the fee. The court agrees that involuntary dismissal is warranted because Albert failed to pay the fee within the time allowed.

Albert argues that he is entitled to proceed IFP and that he has not abandoned his claim, but that the filing fee is "an insurmountable barrier." Pl.'s Objection 10, ECF No. 8. The court has already determined that Albert is not entitled to proceed IFP.[1] <u>See</u> ECF No. 6. Albert failed to comply with the magistrate judge's order to pay the filing fee within the time allowed and indicates no intention to pay the fee in this matter.[2]

Therefore, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's objection [ECF No. 8] is overruled; and

---

[1] The court has also conducted a de novo review of Albert's filings in this action regarding income and expenses, and determines that Albert is not eligible to proceed IFP.

[2] Albert's statement that he lost his job on April 30, 2011, has no effect on his failure to pay the fee during the time ordered.

    2.    The magistrate judge's report and recommendation [ECF No. 7] is adopted in its entirety; and

    3.    This action is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:   June 30, 2011

                                                  s/David S. Doty
                                                  David S. Doty, Judge
                                                  United States District Court